UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND D. SMITH,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　　Respondent. | CASE NO. CV 11-8753-DSF (PJW)<br><br>ORDER TO SHOW CAUSE WHY PETITION<br>SHOULD NOT BE DISMISSED |

　　　On October 21, 2011, Petitioner filed a Petition for Writ of Habeas Corpus, challenging three state convictions from 1995 (unlawful sexual intercourse with a minor), 2000 (possession of less than an ounce of marijuana), and 2001 (possession of a controlled substance). (Petition at 2.)  He claims: (1) his 1995 conviction was obtained by an involuntary plea agreement and that he is actually innocent of that charge; (2) his 2000 conviction was obtained by means of an unlawful search; and (3) his 2001 conviction was procured with the use of evidence from an unlawful search and he is actually innocent of that charge.  (Petition at 17-41.)  From the face of the Petition, it appears that these claims are untimely and unexhausted.  As such, absent further explanation from Petitioner, they will be dismissed.

As a matter of comity between state and federal courts, a federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies, i.e., sought state court review of every ground presented in the petition by presenting it to the highest state court. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Indeed, the law provides that a habeas petition brought by a person in state custody *cannot be granted* "unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999). A district court may raise a failure to exhaust *sua sponte*. *Stone v. San Francisco,* 968 F.2d 850, 856 (9th Cir. 1992.)

It appears that Petitioner has never presented any of the claims raised in the instant Petition to the California Supreme Court. He filed an appeal that was denied by the California Court of Appeal in September 2006 and a petition for writ of coram nobis that was denied by the Court of Appeal in June 2007. (Petition at 3.) A check of the California Appellate Courts' website shows that Petitioner also filed a petition for review of the denial of his coram nobis petition, which was denied by the California Supreme Court in July 2007. (See http://appellatecases.courtinfo.ca.gov (Case No. S153375).) In his petition for writ of coram nobis, however, he did not raise the claims he raises here. (See Petition, Exh. B.) Thus, it appears that the

Petition is completely unexhausted and is subject to dismissal on that basis. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Moreover, the Petition appears to be untimely. State prisoners seeking to challenge their state convictions in federal habeas corpus proceedings are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). Here, the *latest* of the three convictions Petitioner challenges became final on July 17, 2001--60 days after Petitioner was sentenced and the time expired for him to file an appeal. (Petition at 2.) *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006); *Lewis v. Mitchell*, 173 F. Supp.2d 1057, 1060 (C.D. Cal. 2001). Therefore, absent statutory or equitable tolling, Petitioner had one year, until July 17, 2002, to file a petition in this court. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). It appears that Petitioner is more than nine years late.

Finally, it appears that Petitioner's claims are not cognizable in federal habeas corpus because he has already completed his sentences in those cases. Petitioner is currently incarcerated in the federal penitentiary in Arizona on a conviction, not challenged here, from the U.S. District Court in Minnesota. (Petition at 11.) As for the state convictions that he *is* challenging, Petitioner alleges that he was sentenced to five years probation in 1995, ordered to pay a fine in 2000, and sentenced to three years probation in 2001. (Petition at 2.) Thus, his sentences have all expired and therefore, he cannot challenge the convictions or sentences in this court at this time. *See, e.g., Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001).

IT IS THEREFORE ORDERED that, no later than November 26, 2011, Petitioner shall inform the Court in writing why this case should not

be dismissed for the reasons set forth above.  Failure to timely file a response will result in dismissal.

DATED: October 27, 2011

/s/ Patrick J. Walsh
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\SMITH, R 8753\OSC dismiss pet.wpd